NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

**AUG 2 9 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-271-JMH

MILLARD D. LOFTIS                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

JOSEPH BOOKER, Warden                                RESPONDENT

* * * * * *

Millard D. Loftis, a/k/a Millard Dean Loftis, an individual presently confined at the Federal

Medical Center (FMC), in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 District Court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612

F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert.*

*denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted

by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The

allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See*

*Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Accordingly, the petitioner did not need a

separate motion to liberally construe his pleadings, because the Court will do so *sua sponte*.

### CLAIMS

The petitioner claims that the Bureau of Prisons (BOP) is computing good conduct time

credits for prisoners, including himself, at a maximum rate of 47 days per year, which (1)

contravenes the clear language of the statute which provides up to 54 days of annual good conduct time, 18 U.S.C. §3624(b); (2) is contrary to Congress' intent when it passed the statute with the exact number, 54 days, in it; (3) is inconsistent with use of the phrase "term of imprisonment"elsewhere; (4) is not entitled to deference; (5) calls for the rule of lenity in interpreting the statute's construction; and (6) violates the equal protection and due process guarantees in the U.S. Constitution of the United States.

<u>ALLEGATIONS OF THE PETITION</u>

The petitioner has submitted a petition with attachments [Record No. 1], wherein he makes the following allegations.

The petitioner alleges that since April 24, 1992, he has been serving two consecutive terms of imprisonment, totaling 211 months, handed down in the United States District Court for the Eastern District of Texas. He complains that the BOP is not giving him all the good conduct time ("GCT") credits to which he is entitled per annum. The petitioner specifically alleges that the BOP is misinterpreting the language of the GCT statute, 18 U.S.C. §3624(b), in construing it to allow an award of only 47 days annually, not the 54 days per year clearly set out therein. The result for him is a total possible award of 827 days and a projected release date of August 19, 2007. If the proper 54-day amount were applied to the length of his sentence, however, he would be entitled to a total 949 days of good conduct time and a release date 122 days earlier.

The petitioner has evidently not sought relief first by pursuing the matter through the BOP administrative remedy process. He has evidently pursued the matter in case law, however. In an attached memorandum, *inter alia*, he argues each of the claims set out *supra*, and asks the Court to adopt the rationale and result reached for a similarly circumstanced prisoner in *White v. Scibana*,

2

314 F.Supp.2d 834 (W.D.Wis. 2004), wherein the district court granted the relief requested, directing

the warden "to recalculate petitioner's good conduct time on the basis of each year of his *sentence*

rather than on time actually served." *Id.* at 842.

Further, the instant petitioner has also attached to his petition copies of two more recent

district court opinions using the same rationales and reaching the same result as in *White*, and he

urges the Court to follow *White* and these newer cases, *Moreland v. Federal Bureau of Prisons*, 363

F.Supp.2d 882 (S.D. Tex. 2005) and *Williams v. Dewalt*, 351 F.Supp.2d 412 (D. Md. 2004).

## DISCUSSION

The Court is familiar with the statute and the petitioner's arguments about its construction.[1]

18 U.S.C. §§3624(b), the statute wherein Congress has provided good conduct time (GCT) for

prisoners, reads as follows:

> (b) Credit toward service of sentence for satisfactory behavior.
> (1) ... [A] prisoner who is serving a *term of imprisonment* of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations .... [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.

---

[1]    Virtually identical petitions making these same arguments about the BOP's interpretation of §3624 have been filed in this Court by other prisoners who are confined in the instant petitioner's place of imprisonment, *e.g., Brown v. Booker*, Lexington 04-CV-486-KSF and *Morgan v. Booker*, Lexington No. 05-CV-244-KSF; the Court notes that these same arguments have also been made by inmates in other federal prisons in the Eastern District of Kentucky, *e.g.*, *Taniguchi v. Federal Bureau of Prisons*, Pikeville 05-CV-152-KKC.

18 U.S.C. §§3624(b) (emphasis added).

Briefly stated, the petitioner contends that by using the phrase "term of imprisonment," an unambiguous term of art used elsewhere in the legislation, Congress means "the sentence imposed" by the sentencing Court; therefore, he is entitled to the length of his sentence in years, multiplied by 54 days. However, the BOP has interpreted the same statutory language to mean "the time actually served," and under the BOP's interpretation, a prisoner's annual award is less because an inmate will not actually serve his full sentence in any year if he earns GCT for that year. The BOP promulgated 28 C.F.R. §523.20, to reflect its interpretation as time actually served; the regulation provides for the §3624(b) award, as follows:

> an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. §523.20. *See also* Program Statement (P.S.) 5880.28, the BOP's Sentence Computation Manual, containing policy and the method for computing GCT based on the time served.

The BOP's method of calculating prisoners' good conduct time under 18 U.S.C. §3624(b) has been challenged in several courts recently. Courts have, almost uniformly, upheld the BOP's Program Statement in its method of calculation. In this circuit, two panels of the United States Court of Appeals have done so in unpublished opinions, *Williams v. Lamanna*, 20 Fed.Appx 360, 2001 WL 1136069 (6th Cir. 2001) (unpublished), and *Brown v. Hemingway*, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) (unpublished).

In the latter case from the Sixth Circuit, the panel examined a Ninth Circuit opinion, *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002), and found it and the other Sixth Circuit panel's opinion in *Williams* to be "persuasive

4

authority."  Therefore, the *Brown* panel upheld the BOP's calculation method, holding that the "BOP's interpretation is reasonable in light of the statutory language."  53 Fed.Appx. 338, at *1.

The language in the *Pacheco-Camacho* opinion reveals that the petitioner made the same arguments as are made herein, and the analysis dispenses with each one by one.  The Ninth Circuit found that the BOP regulation interpreting the statute as awarding GCT based upon the time actually served was reasonable, and, therefore, deferred to the BOP's interpretation.  272 F.3d at 1270.

Following the reasoning of the Ninth Circuit and its adoption by the appellate court in this circuit, this Court also defers to the BOP's interpretation of the GCT calculation and rejects the instant petitioner's identical arguments.  Further, the Court notes that the approach and the conclusion of the Ninth Circuit in *Pacheco-Camacho* and the Sixth Circuit in *Williams* and *Brown* have been repeated in other district courts, *e.g.*, *Graves v. Bledsoe*, 334 F.Supp.2d 906 (W.D.Va. 2004); *Pasciuti v. Drew*, 2004 WL 1247813 (N.D.N.Y. 2004) (unpublished); and *Loeffler v. BOP*, 2004 WL 2417805 (S.D.N.Y. 2004) (unpublished).

With regard to the petitioner's cases, the relied-upon district opinion in *White* was overturned by the Seventh Circuit in *White v. Scibana*, 390 F.3d 997 (7th Cir. December 2, 2004), *rehearing en banc denied* (February 9, 2005), *as amended* (February 14, 2005), the appellate panel noting that only one other circuit court had addressed this statutory construction issue and that its decision was consistent with that other court, *i.e.*, the Ninth Circuit, in *Pacheco-Camacho v. Hood*, 272 F.3d at 1271.  Similarly, with regard to the *Dewalt* decision from the United States District Court for the District of Maryland, when the Fourth Circuit was later presented with the issue, appellate court found that the BOP's interpretation of the statute was reasonable and noted that "no circuit court which has addressed this issue" has agreed with the prisoner's interpretation of the statute.  *Yi v.*

5

*Federal Bureau of Prisons*, 412 F.3d 526, 531 (4th Cir. 2005) (citing cases from the Seventh (*White*), Third, First, and Ninth Circuits).

As of today's date, there stands only one opinion which struck down the BOP's interpretation of the GCT statute and thus broke "a long and almost unbroken like of precedent that has sustained the BOP method of computing good conduct time credit." *Germany v. Smith*, 2005 WL 428585 (M.D. Pa. 2005) (slip copy). That one opinion is the *Moreland* decision from the United States District Court for the Southern District of Texas, and this Court finds that it is neither precedential nor persuasive. The Court stands with the Sixth Circuit Court of Appeals and every circuit which has addressed the issue. Under the afore-referenced law, the instant petitioner has failed to state a claim upon which this Court may grant relief.

The constitutional claims, addressed in a few of these cases, must also fail. The instant petitioner's broad allegations are not supported with any facts. Even *pro se* pleadings must meet some minimal pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Mr. Morgan has utterly failed to show how he has been denied equal protection under the law. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). Nor does the petitioner explain any basis for his claim that the BOP's interpretation and corresponding GCT award deprive him of rights conferred by the due process clause of the U.S. Constitution. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Greenholtz v. Inmates of the Nebraska Penal Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, the instant petitioner has again failed to state a claim upon which this Court may grant relief, and dismissal is required.

Finally, the Court notes that an alternative basis for dismissal is the petitioner's failure to demonstrate exhaustion of the BOP administrative remedy process prior to filing the instant cause

of action. It is well known that federal prisoners are required to exhaust administrative remedies

before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959

F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991);

*Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). The exhaustion requirement

may be waived if there has been "a prior indication from the agency that it does not have jurisdiction

over the matter or it has evidenced a strong position on the issue together with an unwillingness to

reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139

(D.C. Cir. 1987). Because litigation across the country demonstrates that the BOP is wedded to its

interpretation, the Court has not dismissed on this ground but gone on to address the merits herein.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Morgan's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2)     the action herein will be **DISMISSED** from the docket of the Court, and Judgment

shall be entered contemporaneously with this memorandum opinion and order in favor of the

respondent.

This the 24 day of August, 2005.

JOSEPH M. HOOD, CHIEF JUDGE